UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christine Greve,<br>　　　　Plaintiff,<br>v.<br>Public Utilities Commission of Nevada, et al,<br>　　　　Defendants. | Case No. 2:25-cv-01103-APG-NJK<br>**Order**<br>[Docket No. 26] |

　　　Pending before the Court is the parties' stipulation to stay discovery. Docket No. 26.

　　　"The decision to stay discovery is entrusted to the 'wide discretion' of the district court." *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D.Nev. Jan. 3, 2024) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev. 1997). That discovery may involve some inconvenience and expense is insufficient to justify a stay of discovery. *Twin City Fire Insurance Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989). Instead, a sufficient showing of good cause to stay all discovery exists when: (1) the pending motion is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Flynn*, 345 F.R.D. at 352; *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

The parties fail to address the relevant standards for staying discovery pending the resolution of a dispositive motion. *See* Docket No. 26. Specifically, the parties fail to even mention, much less provide an analysis, regarding the required preliminary peek. *Id*.

Accordingly, the parties' stipulation to stay discovery is **DENIED**. Docket No. 26. As the Court previously ordered, the parties' joint discovery plan is due no later than October 30, 2025. *See* Docket No. 25.

IT IS SO ORDERED.

Dated: October 29, 2025.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

2