**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| CHRISTINE GREVE, | Case No. 2:25-cv-01103-APG-NJK |
| Plaintiff, | **Order** |
| v. | [Docket Nos. 41, 44] |
| PUBLIC UTILITIES COMMISSION OF NEVADA, et al., | |
| Defendants. | |

Pending before the Court is Defendant Public Utilities Commission of Nevada's motion to compel. Docket No. 41. Plaintiff filed a response. Docket No. 43. Defendant filed a reply. Docket No. 46. Also pending before the Court is Plaintiff's motion to extend discovery deadlines. Docket No. 44. Defendant filed a response in opposition. Docket No. 47. Plaintiff filed a reply. Docket No. 48.

**I.   BACKGROUND**

Plaintiff asserts claims under the ADA, PWFA, Title VII, and related Nevada statutory provisions arising out of her employment with Defendants PUCN and the State of Nevada.[1] *See* Docket No. 9 (amended complaint). Defendant seeks an order compelling Plaintiff to respond to its discovery requests and imposing case-dispositive or, alternatively, issue-preclusion sanctions. Docket No. 41 at 7-20. Plaintiff seeks a 60-day extension of case management deadlines. Docket No. 44. The Court considers each motion in turn.

**II.   STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598

---

[1] The Court notes that Plaintiff's *pro se* filings are not entitled to any special leniency because she herself is an attorney. *Kohli v. Dayal*, 2023 WL 11909037, at *2 n.3 (D. Nev. July 28, 2023) (internal citations omitted).

1

(1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[2] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purpose of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

---

[2] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

### III.   MOTION TO COMPEL

The Court first considers Plaintiff's opposition to the instant motion challenging the sufficiency of the pre-filing conferral required before filing a motion to compel. The Court then considers each of the discovery requests Defendant seeks to compel. Lastly, the Court considers Defendant's request for the imposition of sanctions.

#### A.   Meet-and-Confer Requirement

Plaintiff contends that Defendant failed to properly meet and confer prior to filing the instant motion. Docket No. 43 at 7-9. Defendant contends that it satisfied the meet-and-confer requirement during two telephonic conferences on February 19 and 25, 2026. Docket No. 46 at 8-9.

The "meet-and-confer requirements are very important and the Court takes them very seriously." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). However, "litigants should not expect courts to look favorably on attempts to use the prefiling conference requirements as procedural weapons through which to avoid complying with their discovery obligations." *V5 Techs.*, 334 F.R.D. at 302. "Courts may look beyond the movant's certification to determine whether a sufficient meet-and-confer actually took place." *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The Court rejects Plaintiff's argument challenging the sufficiency of the parties' pre-filing conferrals. Given that Plaintiff's arguments in opposition to the motion to compel largely track her positions during the parties' conferral efforts, it appears that the parties reached an impasse such that additional conferrals would not have been necessary. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993); *see also* Docket No. 43 at 8-9 (Plaintiff's summary of the meet-and-confer process).

**B.  Interrogatories Nos. 13 and 14, and Request for Production No. 18**

These discovery requests concern Plaintiff's medical records.  Interrgoatories Nos. 13 and 14 seek Plaintiff's medical and mental health records and provider information since 2020.[3] Docket No. 41 at 7-8.  Request for Production No. 18 seeks Plaintiff's authorization to obtain medical, educational, employment, administrative and tax records.  *Id.* at 8.

Defendant submits that Plaintiff's assertion of multiple disabilities makes the full scope of her medical history essential to test her claims and any alleged damages, and that Defendant is entitled to a complete list of Plaintiff's medical providers since at least 2020 and a HIPAA release covering all records for the relevant timeframe.  *Id.* at 9.  Plaintiff contends that this issue is moot because she has provided all relevant medical information and records, and that Defendant is not entitled to access Plaintiff's entire medical information and records.  Docket No. 43 at 9-10. Further, Plaintiff contends that the requests are not relevant or proportional, overbroad, and not narrowly tailored to obtain specific information.  *Id.* at 10.  Additionally, Plaintiff contends that her mental health information and records are protected by the psychotherapist-patient privilege and her right to privacy.  *Id.* at 12.  Moreover, Plaintiff contends that she is only asserting a garden-variety emotional distress claim and does not intend to rely on any of her confidential psychotherapist-patient communications in support of her claims.  *Id.*  Plaintiff submits that, if the Court is inclined to require production, she requests that the Court conduct an *in camera* review and limit who may review any documents produced in discovery.  *Id.*  Defendant contends that the medical records requests are not moot because Plaintiff produced only the records she unilaterally deemed relevant and withheld her mental health records entirely.  Docket No. 46 at 8.  Further, Defendant contends that Plaintiff has waived her privacy interests in mental health and medical records by the nature of her claims and emotional distress allegations.  *Id.*

Defendant has the better argument.  Plaintiff's medical records are central to this case because Plaintiff alleges that her qualifying disabilities under the ADA include "a neurological

---

[3] Defendant's counsel agreed to narrow the temporal scope of Interrogatories Nos. 13 and 14, and Request for Production No. 18 from ten years of medical records to medical records since 2020. *See* Docket No. 41 at 7 n.4.

disorder, hearing disorder, sleep disorder, hormonal disorder, mental health disorders, obesity, migraines, and chronic fatigue." Docket No. 9 at 3 (Plaintiff's first amended complaint). Plaintiff's mental health records are also relevant because Plaintiff alleges mental health disorders as a qualifying disability, claims that her conditions were exacerbated by her treatment at work, and seeks damages for mental anguish and loss of enjoyment of life. *Id.* at 3, 5-9. These allegations amount to more than a garden variety emotional distress claim. *See Preston House v. TH Foods, Inc.*, 2025 WL 2312346, at \*4 (D. Nev. July 3, 2025), *reconsideration denied*, 2025 WL 2979746 (D. Nev. Sept. 22, 2025) (granting a motion to compel HIPAA authorization where Plaintiff alleged emotional distress damages). Further, Plaintiff cannot prevent Defendant from accessing records that would allow it to defend against the claim that Plaintiff's mental anguish was exacerbated by her treatment at work. *See Ginter v. BNSF Ry. Co.*, 2014 WL 294499, at \*3 (W.D. Wash. Jan. 24, 2014). Thus, the Court finds that Plaintiff has put her medical and mental health records at issue and cannot prevent Defendant from seeking these records by refusing to sign a HIPAA release for records since 2020. The Court declines to conduct an *in camera* review of Plaintiff's records because *in camera* review is disfavored and is not a substitute for the adversarial process or for a party's obligation to justify its withholding of documents. *See, e.g., Garcia v. Serv. Empls. Int'l Union*, 2018 WL 6566563, at \*5 (D. Nev. Sept. 6, 2018) (citing *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994) and *Nikita, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998)). Therefore, the Court grants the motion to compel as to Interrogatories Nos. 13 and 14 and Request for Production No. 18.

### C. Interrogatories Nos. 16-19

Interrogatory No. 16 asks Plaintiff to provide information about her requests for reasonable accommodation. Docket No. 41-2 at 25, 75. Interrogatory No. 17 asks Plaintiff to describe the instances in which Defendant failed to engage in an interactive process regarding her alleged disabilities or medical conditions. *Id.* at 26, 76. Interrogatory No. 18 asks Plaintiff to identify all individuals employed by Defendant whom she claims were treated more favorably than her under similar circumstances. *Id.* at 27-28, 77. Interrogatory No. 19 asks Plaintiff to describe the facts

supporting her contention that her supervisors or HR personnel knew of her alleged disability or medical conditions at the time of termination of her employment with Defendant. *Id.* at 29, 78.

Defendant submits that these interrogatories seek discovery into the factual foundation of Plaintiff's allegations. Docket No. 41 at 9. Plaintiff objected to these interrogatories. Docket No. 41-2 at 25-30, 75-79. Plaintiff contends that Interrogatories Nos. 16-19 are contention interrogatories that request Plaintiff to plead and prove her entire discrimination case. Docket No. 43 at 14. Plaintiff submits that she does not disagree that the interrogatories should be answered; rather, she disagrees as to when they should be answered. *See id.* Further, Plaintiff contends that she does not have adequate information to meaningfully answer these interrogatories, but simultaneously contends that Defendant provided its responses to Plaintiff's written discovery requests on March 9, 2026, and she "has only been able to preliminarily review said responses." *See id.* Additionally, Plaintiff contends that Defendant has exceeded the 25-interrogatory limit; therefore, she does not need to respond to these interrogatories absent a court order. *Id.* at 15. Plaintiff contends that Interrogatory No. 10 asks three questions, Interrogatory No. 12 asks two questions, Interrogatory No. 15 asks five questions, Interrogatory No. 16 asks two questions, Interrogatory No. 19 asks two questions, Interrogatory No. 21 asks two questions, and Interrogatory No. 22 asks three questions. *Id.* at 15-16. Defendant contends that these interrogatories do not exceed the 25-interrogatory limit because the interrogatories contain permissible subparts, but requests leave to ask these additional interrogatories if the Court determines that the interrogatories exceed 25. Docket No. 46 at 6.

The Court finds that the requested interrogatories are proper and that Defendant has not exceeded the 25-interrogatory limit. Therefore, the Court grants the motion to compel as to Interrogatories Nos. 16-19.

### D. Interrogatories Nos. 21 and 22

Interrogatory No. 21 asks Plaintiff to identify all communications between Plaintiff and any representative of Defendant, prior to the termination of her employment with Defendant, concerning her health, accommodations, or leave. Docket No. 41-2 at 31, 81. Interrogatory No.

6

22 asks Plaintiff to identify each document that she will rely upon to support her claims under the ADA, Title VII, the PWA, and related Nevada statutes. *Id.* at 32, 82.

Plaintiff objected to these interrogatories. *Id.* at 31-33, 81-83. Plaintiff contends that she declined to respond to these interrogatories because Defendant exceeded its allotted number of interrogatories under Federal Rule of Civil Procedure 33. Docket No. 43 at 17. Further, Plaintiff contends that Interrogatory No. 21 is overbroad, vague, and duplicative. *Id.* Additionally, Plaintiff contends that Interrogatory No. 22 is unduly burdensome, duplicative of other requests, and protected by the work-product doctrine. *Id.* Plaintiff contends that she served disclosures which included a specific list of documents, and that Defendant is not entitled to Plaintiff's organization of those documents. *Id.* at 17-18. Defendant contends that these interrogatories do not exceed the 25-interrogatory limit because the interrogatories contain permissible subparts. Docket No. 46 at 6 (citing *Phillips v. Clark Cnty. Sch. Dist.*, 2012 WL 135705, at *6 (D. Nev. Jan. 18, 2012)). Further, Defendant requests leave to ask these additional interrogatories if the Court determines that the interrogatories exceed the limit. Docket No. 46 at 6. Additionally, Defendant contends that Plaintiff's work product and vagueness objections are baseless because Defendant seeks the underlying facts supporting Plaintiff's suit and the interrogatories use the same terms Plaintiff uses throughout the first amended complaint. *Id.* at 7.

The Court has already found that Defendant has not exceeded the 25-interrogatory limit. Further, the Court finds that Plaintiff has not met her burden of demonstrating that her objections are valid. Therefore, the Court grants the motion to compel as to Interrogatories Nos. 21 and 22.

**E.  Sanctions**

Defendant requests that the Court impose case-dipositive sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) or, alternatively, issue preclusion sanctions for Plaintiff's noncompliance in conducting discovery. Docket No. 41 at 17-20. Defendant contends that dismissal is warranted because Plaintiff has deliberately obstructed discovery on essential issues and the prejudice to Defendant is substantial and ongoing. *See id.* at 18. Further, Defendant contends that lesser sanctions would be ineffective because Plaintiff's discovery conduct reflects a deliberate litigation strategy and monetary sanctions would not cure the prejudice. *See id.* at 19.

Alternatively, Defendant asks the Court to deem several claims established because of Plaintiff's refusal to provide substantive responses. *See id.* Further, Defendant contends that such issue preclusion sanctions are narrowly tailored to the discovery withheld and would address the prejudice caused by Plaintiff's conduct. *See id.* Additionally, Defendant contends these elements are essential to Plaintiff's claims and issue preclusion would likely be dispositive of the case. *See id.* at 19-20.

Plaintiff contends that Rule 37(b)(2)(A) is not applicable because it pertains to a party's failure to obey an order to provide discovery and the Court has not issued such order. Docket No. 43 at 18. Further, Plaintiff contends that even if Rule 37(b)(2)(A) were applicable, dismissal sanctions are authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party. *See id.* (citing *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996)). Additionally, Plaintiff contends that the Court's need to manage its docket is not served through dismissal, there is no risk of prejudice to Defendant PUCN, and public policy favors disposition of civil rights cases on their merits. Docket No. 43 at 19. Moreover, Plaintiff contends that less drastic sanctions are available and have not been attempted. *See id.*

The Court declines to impose sanctions for several reasons. Defendant cites Federal Rule of Civil Procedure 37(b)(2)(A) for its request for case-dispositive sanctions; however, Defendant fails to explain how Plaintiff's discovery conduct constitutes failure to obey a Court order. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders"). Further, the imposition of case-dispositive sanctions is a severe and extreme remedy, warranted only in instances of willfulness, bad faith, or fault. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The Court is not convinced that Plaintiff's discovery conduct, at this juncture, exhibits willfulness, bad faith, or fault. Finally, Defendant contends that it suffers prejudice from Plaintiff's refusal to provide essential discovery but fails to explain why ordering Plaintiff to provide the requested discovery is insufficient to alleviate that prejudice. *See* Docket Nos. 41 at 18, 46 at 10.

## IV.      MOTION TO EXTEND CASE MANAGEMENT DEADLINES

Plaintiff seeks a 60-day extension of case management deadlines.  Docket No. 44. Defendant contends that a 60-day extension is neither justified by the record nor consistent with the good cause standard.  Docket No. 47.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).  The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[4]

The Court entered the scheduling order in this matter on October 30, 2025.  Docket No. 30.  The Court granted in part and denied in part the parties' first stipulation for a 60-day extension because the parties had not demonstrated diligence in conducting discovery.  Docket No. 39 at 2. Nonetheless, the Court afforded the parties a 30-day extension in an effort to resolve this case on its merits and as a one-time courtesy to the parties. *See id.*

[4] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Plaintiff submits that an extension of the subject deadlines is warranted because of her busy work schedule, health issues, status as a *pro se* attorney, a family emergency that caused her to take an unexpected leave of absence, and Defendant's deficient production of information which she expected to receive. Docket No. 44 at 3. Further, Plaintiff contends that the information she has not received from Defendant is necessary for her to answer Defendant's propounded contention interrogatories, and because she has not yet received the information she will have to conduct additional discovery. *See id.* at 4. Defendant contends that Plaintiff does not need an additional 60 days to conduct discovery because the necessary information is already in Plaintiff's possession and she has not provided that information to Defendant. Docket No. 47 at 4. Further, Defendant contends that Plaintiff has not demonstrated diligence, Plaintiff's delay in propounding discovery was within her control, and Plaintiff's reasons for an extension were known to her when the schedule was set and are not unanticipated developments. *Id.* at 5. Additionally, Defendant contends that it is prepared to complete its discovery within the current deadline and that an extension would only delay the resolution of this case. *See id.* at 6. Moreover, Defendant contends that Plaintiff's motion fails to satisfy the requirements of Local Rule 26-3 because the description of remaining discovery lacks specificity, the stated reasons fail to explain why discovery cannot be completed on time, and the motion lacks a proposed schedule for completing remaining discovery. *See id.* at 6-7. In reply, Plaintiff submits that she has general knowledge of facts but does not have the necessary documentary evidence, as that is in Defendant's custody and control and Defendant has not provided it. Docket No. 48 at 2. Further, Plaintiff contends that she did not anticipate Defendant's deficient discovery responses, her increased workload over the last few months, and her family emergency. *See id.*

Defendant has the better argument. Plaintiff's motion fails to provide a proposed schedule for completing all remaining discovery, which is especially concerning given Plaintiff's contention that she needs to issue third party subpoenas, propound additional written discovery requests, and possibly schedule and conduct depositions. *See* Local Rule 26-3(d). Further, Plaintiff's contention that she has not received necessary discovery from Defendant is unavailing given her contention in response to Defendant's motion to compel that she has only preliminarily reviewed Defendant's

written discovery responses.  Docket No. 43 at 14-15.  Accordingly, the Court **DENIES** Plaintiff's motion to extend case management deadlines.  Docket No. 44.

## V.   CONCLUSION

For the reasons provided above, the Court **GRANTS** Defendant's motion to compel and **DENIES** Defendant's request for sanctions.  Docket No. 41.  The ordered discovery must be provided no later than May 8, 2026.  The Court **DENIES** Plaintiff's motion to extend case management deadlines.  Docket No. 44.

IT IS SO ORDERED.

Dated: April 22, 2026.

_____

Nancy J. Koppe
United States Magistrate Judge

11